IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD BARBER, JR. (AIS# 0000z702),<br><br>　　Plaintiff,<br><br>vs.<br><br>CORIZON HEALTH, et al.,<br><br>　　Defendants. | CIVIL ACTION NO.:<br>2:15-cv-0997-VEH-JHE |

## ANSWER

**COME NOW** Corizon, LLC, Roy Roddam, M.D. and Hugh Hood, M.D., Defendants in the above-styled action, and in response to Plaintiff's Complaint set forth and assign the following Answer and defenses, separately and severally:

## FACTUAL ALLEGATIONS

　　1.　　The Defendants admit that the Plaintiff has been seen and treated by the Defendants at the Donaldson Correctional Facility located in Bessemer, Alabama.

　　2.　　The Defendants deny that the Plaintiff has ever been denied or delayed necessary medical care while at the Donaldson Correctional Facility.

　　3.　　The Defendants deny Plaintiff's allegations that the Plaintiff had not received necessary medical care.

　　4.　　The Defendants deny that Plaintiff has been denied necessary medical and/ treatment or that any medical treatment has ever been delayed in any manner.

5. The Defendants deny that Plaintiff has been treated with deliberate indifference.

6. The Defendants are aware that Plaintiff has made complaints and allegations regarding medical care while incarcerated at the Donaldson Correctional Facility and deny these allegations.

## **AFFIRMATIVE AND OTHER DEFENSES**

1.

The Plaintiff's Complaint fails to state a claim against Defendants for which relief can be granted.

2.

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

3.

Plaintiff's claims are barred by the doctrine of assumption of the risk.

4.

Plaintiff's claims are barred by the doctrine of latches.

5.

Plaintiff's claims are barred by the statute of limitations.

6.

Plaintiff's claims are barred by the doctrine of waiver.

7.

The Court lacks subject matter jurisdiction over this dispute.

8.

This Court is the improper venue in which to assert this action.

9.

Plaintiff lacks standing to bring this action.

10.

Plaintiff's claims are barred by the doctrine of unclean hands.

11.

Plaintiff's claims are barred by the doctrine of qualified immunity.

12.

Plaintiff's claims are barred by the doctrine of sovereign immunity.

13.

Plaintiff's claims are barred by the doctrine of estoppel.

14.

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

15.

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

16.

Defendants aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or the Defendants are not responsible.

{B2085277}

17.

Plaintiff's claims are barred because the Defendants did not breach any duty allegedly owed to Plaintiff.

18.

Plaintiff claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by the Defendants and the Plaintiff's alleged injuries and damages.

19.

Plaintiff claims are barred because of the existence of superseding, intervening causes.

20.

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against the Defendants.

21.

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(a)(2005).

22.

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A)(2005).

23.

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via 42 U.S.C. § 1983.

24.

Plaintiff's claims are barred because the Defendants did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

25.

To the extent Plaintiff seeks to recover any attorney fees, the Defendants object to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

26.

Plaintiff's claims for punitive damages violate the Defendants' United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

27.

The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act, § 6-5-481 et seq, and § 6-5-542 et seq.

28.

The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmate must follow in filing *informa pauperis* actions in federal court.

29.

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or

malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from Defendants that are entitled to immunity as provided for in 42 U.S.C. § 1997(e)(c).

30.

The Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation, and requests this Court, pursuant to 42 U.S.C. § 1988, to award Defendants reasonable attorney fees and costs incurred in the defense of this case.

31.

The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F.Supp 2d 1252 (D.Kan. 1999).

32.

The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amended to 42 U.S.C. § 1997(e)(a). The Plaintiff has failed to pursue the administrative remedies available to him. *See Cruz v. Jordan*, 80 F.Supp.2d 109 (S.D.N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

{B2085277}

/s/ *Philip G. Piggott*
Philip G. Piggott (ASB-4379-P67P)
E-mail: pgp@starneslaw.com
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL   35259-8512
Telephone: 205-868-6000
Facsimile: 205-868-6099

Attorney for Defendants, Corizon, LLC,
Roy Roddam, M.D. and Hugh Hood, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on **November 3, 2015,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

Sarah Grady, Esq.
Loevy & Loevy
312 North May Street, Suite 100
Chicago, IL 60607
sarah@loevy.com


and I hereby certified that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:


s/Philip G. Piggott
PHILIP G. PIGGOTT

7
{B2085277}