IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD BARBER, JR. (AIS# 0000z702),<br><br>　　Plaintiff ,<br><br>vs.<br><br>CORIZON, LLC, HUGH HOOD, ROY RODDAM, JAMES BUTLER, CHERYL PRICE, CEDRIC SPECKS, ANGELA MARIE, JEFFERSON DUNN, UNKNOWN CORIZON EMPLOYEES, UNKNOWN ALABAMA DEPARTMENT OF CORRECTIONS EMPLOYEES,<br><br>　　Defendants . | CIVIL ACTION NO.:<br>2:15-cv-0997-VEH-JHE |

**DEFENDANTS' SUPPLEMENTAL ANSWER TO AMENDED COMPLAINT**

COME NOW the Defendants, Corizon, LLC, Hugh Hood, M.D., Roy Roddam, M.D., and James Butler, CRNP, and supplementing their previous response to the Plaintiff's Amended Complaint [Doc.#18] and state as follows:

1.　　In response to paragraph 1 of the Plaintiff's Amended Complaint, the Defendants do not dispute that this matter is brought pursuant to 42 USC §1983. However, the Defendants deny the remaining allegations contained in paragraph 1.

2.　　In response to paragraph 2 of the Plaintiff's Amended Complaint, denied.

3.　　In response to Paragraph 3 of Plaintiff's Amended Complaint, denied.

{B2122649}

4. In response to Paragraph 4 of Plaintiff's Amended Complaint, denied.

5. In response to Paragraph 5 of Plaintiff's Amended Complaint, denied.

6. In response to Paragraph 6 of the Plaintiff's Amended Complaint, these Defendants do not dispute that this Court has jurisdiction.

7. These Defendants do not dispute that venue is proper in this Court.

8. In response to paragraph 8 of the Plaintiff's Amended Complaint, admitted.

9. In response to paragraph 9 of the Plaintiff's Amended Complaint, these Defendants admit that Corizon, LLC currently has a contract with the Alabama Department of Corrections to provide health care to inmates incarcerated with the Alabama Department of Corrections.

10. In response to paragraph 10 of the Plaintiff's Amended Complaint, Defendant Hugh Hood admits that he is a medical doctor employed by Corizon. Dr. Hood denies the remaining allegations contained in paragraph 10.

11. In response to paragraph 11 of the Plaintiff's Amended Complaint, Defendant Roy Roddam admits that he is a medical doctor employed by Corizon. Dr. Roddam denies the remaining allegations contained in paragraph 11.

12. In response to paragraph 12 of the Plaintiff's Amended Complaint, Defendant Dennis Butler admits that he is a CRNP employed by Corizon. Mr. Butler denies the remaining allegations contained in paragraph 12.

13. In response to paragraph 13 of the Plaintiff's Amended Complaint, Defendant these Defendants state that the allegations contained in paragraph 13 of the Amended Complaint do not pertain to any of these Defendants.

14. In response to paragraph 14 of the Plaintiff's Amended Complaint, Defendant these Defendants state that the allegations contained in paragraph 14 of the Amended Complaint do not pertain to any of these Defendants.

15. In response to paragraph 15 of the Plaintiff's Amended Complaint, Defendant these Defendants state that the allegations contained in paragraph 15 of the Amended Complaint do not pertain to any of these Defendants.

16. In response to paragraph 16 of the Plaintiff's Amended Complaint, Defendant these Defendants state that the allegations contained in paragraph 16 of the Amended Complaint do not pertain to any of these Defendants.

17. In response to paragraph 17 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

18. In response to paragraph 18 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

19. In response to paragraph 19 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

20. In response to paragraph 20 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

21. In response to paragraph 21 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

22. In response to paragraph 22 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

23. In response to paragraph 23 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

24. In response to paragraph 24 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

25. In response to paragraph 25 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

26. In response to paragraph 26 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

27. In response to paragraph 27 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

28. In response to paragraph 28 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

29. In response to paragraph 29 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

30. In response to paragraph 30 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

31. In response to paragraph 31 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

32. In response to paragraph 32 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

33. In response to paragraph 33 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

34. In response to paragraph 34 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

35. In response to paragraph 35 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

36. In response to paragraph 36 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

37. In response to paragraph 37 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

38. In response to paragraph 38 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

39. In response to paragraph 39 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

40. In response to paragraph 40 of the Plaintiff's Amended Complaint, these Defendants state that the Plaintiff's medical records are the best evidence of the Plaintiff's medical condition and Plaintiff's medical treatment. The Defendants deny that the Plaintiff was ever denied or delayed appropriate medical treatment or treated with deliberate indifference.

41. In response to paragraph 41 of the Plaintiff's Amended Complaint, these Defendants deny that any of these allegations pertain to these Defendants.

42. In response to paragraph 42 of the Plaintiff's Amended Complaint, these Defendants deny that any of these allegations pertain to these Defendants.

43. In response to paragraph 43, the Defendants adopt and incorporate their responses to paragraphs 1 through 42 of the Amended Complaint as set forth above.

44. In response to paragraph 44 of the Plaintiff's Amended Complaint, denied.

45. In response to paragraph 45 of the Plaintiff's Amended Complaint, denied.

46. In response to paragraph 46 of the Plaintiff's Amended Complaint, denied.

47. In response to paragraph 47 of the Plaintiff's Amended Complaint, denied.

48. In response to paragraph 48 of the Plaintiff's Amended Complaint, denied.

49. In response to paragraph 49 of the Plaintiff's Amended Complaint, these Defendants admit that Corizon holds a contract with the Alabama Department of Corrections to provide health care to inmates incarcerated at Alabama state correctional facilities.

50. In response to paragraph 50 of the Plaintiff's Amended Complaint, denied.

{B2122649}

51. In response to paragraph 51 of the Plaintiff's Amended Complaint, denied.

52. In response to paragraph 52 of the Plaintiff's Amended Complaint, denied.

53. In response to paragraph 53 of the Plaintiff's Amended Complaint, denied.

54. In response to paragraph 54 of the Plaintiff's Amended Complaint, denied.

55. In response to paragraph 55 of the Plaintiff's Amended Complaint, denied.

56. In response to paragraph 56 of the Plaintiff's Amended Complaint, denied.

57. In response to paragraph 57 of the Plaintiff's Amended Complaint, denied.

58. In response to paragraph 58 of the Plaintiff's Amended Complaint, denied.

59. In response to paragraph 59 of the Plaintiff's Amended Complaint, these Defendants state that the allegations set forth in paragraph 59 do not pertain to these Defendants.

60. In response to paragraph 60 of the Plaintiff's Amended Complaint, these Defendants state that the allegations set forth in paragraph 60 do not pertain to these Defendants.

61. In response to paragraph 61 of the Plaintiff's Amended Complaint, these Defendants state that the allegations set forth in paragraph 61 do not pertain to these Defendants.

62. In response to paragraph 62 of the Plaintiff's Amended Complaint, these Defendants state that the allegations set forth in paragraph 62 do not pertain to these Defendants.

63. In response to paragraph 63 of the Plaintiff's Amended Complaint, these Defendants state that the allegations set forth in paragraph 63 do not pertain to these Defendants.

64. In response to paragraph 64 of the Plaintiff's Amended Complaint, denied.

65. In response to paragraph 65 of the Plaintiff's Amended Complaint, denied.

66. In response to paragraph 66, the Defendants adopt and incorporate their responses to paragraphs 1 through 65 of the Amended Complaint as set forth above.

67. In response to paragraph 67 of the Plaintiff's Amended Complaint, denied.

68. In response to paragraph 68 of the Plaintiff's Amended Complaint, denied.

69. In response to paragraph 69 of the Plaintiff's Amended Complaint, denied.

70. In response to paragraph 70 of the Plaintiff's Amended Complaint, denied.

71. In response to paragraph 71 of the Plaintiff's Amended Complaint, denied.

72. In response to paragraph 72 of the Plaintiff's Amended Complaint, denied.

73. In response to paragraph 73, the Defendants adopt and incorporate their responses to paragraphs 1 through 72 of the Amended Complaint as set forth above.

74. In response to paragraph 74 of the Plaintiff's Amended Complaint, denied.

75. In response to paragraph 75 of the Plaintiff's Amended Complaint, denied.

76. In response to paragraph 76 of the Plaintiff's Amended Complaint, denied.

77. In response to paragraph 77 of the Plaintiff's Amended Complaint, denied.

78. In response to paragraph 78 of the Plaintiff's Amended Complaint, denied.

79. In response to paragraph 79, the Defendants adopt and incorporate their responses to paragraphs 1 through 78 of the Amended Complaint as set forth above.

80. In response to paragraph 80 of the Plaintiff's Amended Complaint, these Defendants state that the allegations contained in Paragraph 80 do not pertain to these Defendants.

81. In response to paragraph 81 of the Plaintiff's Amended Complaint, these Defendants state that the allegations contained in Paragraph 81 do not pertain to these Defendants.

82. In response to paragraph 82 of the Plaintiff's Amended Complaint, these Defendants state that the allegations contained in Paragraph 82 do not pertain to these Defendants.

83. In response to paragraph 83 of the Plaintiff's Amended Complaint, these Defendants state that the allegations contained in Paragraph 83 do not pertain to these Defendants.

84. In response to paragraph 84 of the Plaintiff's Amended Complaint, these Defendants state that the allegations contained in Paragraph 84 do not pertain to these Defendants.

85. In response to paragraph 85 of the Plaintiff's Amended Complaint, these Defendants state that the allegations contained in Paragraph 85 do not pertain to these Defendants.

86. In response to paragraph 86 of the Plaintiff's Amended Complaint, these Defendants state that the allegations contained in Paragraph 86 do not pertain to these Defendants.

87. In response to paragraph 87, the Defendants adopt and incorporate their responses to paragraphs 1 through 86 of the Amended Complaint as set forth above.

88. In response to paragraph 88 of the Plaintiff's Amended Complaint, denied.

89. In response to paragraph 89 of the Plaintiff's Amended Complaint, denied.

90. In response to paragraph 90 of the Plaintiff's Amended Complaint, denied.

## **AFFIRMATIVE AND OTHER DEFENSES**

1.

The Plaintiff's First Amended Complaint fails to state a claim against these Defendants for which relief can be granted.

2.

Plaintiff's claims are barred by the doctrine of contributory negligence.

3.

Plaintiff's claims are barred by the doctrine of assumption of the risk.

4.

Plaintiff's claims are barred by the doctrine of latches.

5.

Plaintiff's claims are barred by the statute of limitations.

6.

Plaintiff's claims are barred by the doctrine of waiver.

7.

Plaintiff's claims are barred by the doctrine of unclean hands.

8.

Plaintiff's claims are barred by the doctrine of qualified immunity.

9.

Plaintiff's claims are barred by the doctrine of sovereign immunity.

10.

Plaintiff's claims are barred by the doctrine of estoppel.

11.

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

12.

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

13.

Defendants aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom these Defendants are not responsible.

14.

Plaintiff's claims are barred because the Defendants did not breach any duty allegedly owed to Plaintiff.

15.

Plaintiff claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by the Defendants and the Plaintiff's alleged injuries and damages.

16.

Plaintiff claims are barred because of the existence of superseding, intervening causes.

17.

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against these Defendants.

18.

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via 42 U.S.C. § 1983.

19.

Plaintiff's claims are barred because the Defendants did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

20.

To the extent Plaintiff seeks to recover any attorney fees, the Defendants object to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

21.

Plaintiff's claims for punitive damages violate the Defendants' United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

22.

The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act, § 6-5-481 et seq, and § 6-5-542 et seq.

23.

The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amended to 42 U.S.C. § 1997(e)(a). The Plaintiff has failed to pursue the administrative remedies available to him. *See Cruz v. Jordan*, 80 F.Supp.2d 109 (S.D.N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

/s/ *Philip G. Piggott*
Philip G. Piggott (ASB-4379-P67P)
E-mail: pgp@starneslaw.com
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL  35259-8512
Telephone: 205-868-6000
Facsimile: 205-868-6099

Attorney for Defendants, Corizon, LLC, Hugh Hood, M.D., Roy Roddam, M.D. and James Butler, CRNP.

## CERTIFICATE OF SERVICE

I hereby certify that on **January 6, 2016,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

Joseph (Jody) G. Stewart, Esq.
Assistant Attorney General
State of Alabama Department of Corrections
P. O. Box 301501
Montgomery, AL 36130-1501

Sarah Grady, Esq.
Loevy & Loevy
312 North May Street, Suite 100
Chicago, IL 60607
sarah@loevy.com
312-243-5900

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

s/Philip G. Piggott
PHILIP G. PIGGOTT

20
{B2122649}