FILED
2017 Jul-14  PM 05:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD BARBER, JR., AIS #Z702, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) CASE NO. 2:15-CV-00997-VEH-JHE |
| CORIZON, LLC; HUGH HOOD, ROY RODDAM; JAMES BUTLER; CHERYL PRICE; CEDRIC SPECKS; ANGELA MARIE; JEFFERSON DUNN; UNKNOWN CORIZON EMPLOYEES; ALABAMA DEPARTMENT OF CORRECTIONS EMPLOYEES, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ADOC DEFENDANTS' REPLY TO PLAINTIFF'S JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

COME NOW Defendants, Cheryl Price, Cedric Specks, Angela Marie, and Jefferson Dunn (hereinafter referred to as, "ADOC Defendants"), and reply to Plaintiff's Joint Response in Opposition to Defendants' Motions for Summary Judgment (hereinafter referred to as, "Plaintiff's Response") (Doc. 79), as follows:

**I. PLAINTIFF'S CLAIMS AGAINST CHERYL PRICE SHOULD**

1

### BE DISMISSED AS PLAINTIFF DOES NOT OPPOSE SUMMARY JUDGMENT AS TO INDIVIDUAL CAPACITY

Plaintiff's claims in this lawsuit against Defendant, Cheryl Price, are specifically made in that defendant's individual capacity. (Doc. 18, p.4, para. 13). In Plaintiff's Response, he states that "…Plaintiff does not oppose summary judgment on her claims against the ADOC Defendants in their individual capacities,…" (Doc. 79, p. 35, footnote 12). Further, assuming arguendo that such a claim against Defendant Price survives the ADOC's Motion for Summary Judgment and this Reply, Defendant Price is no longer the Warden III at Donaldson and does not have the authority to satisfy any order or judgment of injunctive relief in connection with Plaintiff's claims in ANY capacity, and, as such, should be dismissed from this lawsuit. (Please see Doc. 71-4, page 1 and Affidavit of Grant Culliver, attached hereto as, "Exhibit A"). In addition to the argument made in the ADOC Defendant's Motion for Summary Judgment and Brief in Support Thereof, Defendant Cheryl Price is due to be dismissed from this lawsuit.

### II. INJUNCTIVE RELIEF

As stated in the ADOC Defendants' Motion for Summary Judgment, the Plaintiff claims injunctive relief at the end of each count of his complaint, but is completely silent as to the injunctive relief he seeks under each count. Thus, the complaint is deficient and summary judgment should

be granted to all defendants. However, assuming the Court finds the complaint sufficiently pled, to be entitled to permanent injunctive relief from a constitutional violation, a plaintiff must first establish the fact of the violation. Rizzo v. Goode, 423 U.S. 362, 377, 96 S.Ct. 598, 607, 46 L.Ed.2d 561 (1976). As shown in the ADOC Defendants' Motion for Summary Judgment and brief in support, the Plaintiff cannot show that Defendants committed a constitutional violation; therefore, he is not entitled to injunctive relief. Secondly, if a constitutional violation has been established, he must then demonstrate the presence of two elements: continuing irreparable injury if the injunction does not issue, and the lack of an adequate remedy at law. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959). The Plaintiff fails to show that he has suffered any injury caused by such alleged constitutional violations, much less irreparable injury. The Plaintiff fails to show that he has suffered or likely to suffer an irreparable injury. "In addition to past injury, a plaintiff seeking injunctive relief 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.' Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.'" Houston v.

Marod Supermarkets, Inc., 733 F.3d 1323, 1328–29 (11th Cir. 2013) (internal citations omitted).  Moreover, another adequate remedy at law exists. See 42 USC § 1983.  Therefore, injunctive relief is not available to the Plaintiff for these claims.

### III. CLAIMS AGAINST CEDRIC SPECKS SHOULD BE DISMISSED FOR LACK OF STANDING

Defendant Cedric Specks is no longer assigned to Donaldson Correctional Facility, having been transferred to St. Clair Correctional Facility on January 1, 2016.  He has no responsibility for or any authority over any duty associated with Donaldson Correctional Facility. (Exhibit A). Injunctions regulate future conduct.  As this defendant is no longer at Donaldson, where the Plaintiff is housed, even if it can be said he would have any authority to implement injunctive relief ordered by this Court (he would not have such authority as Warden II), he is now at St. Clair and, as such, should be dismissed from this lawsuit for lack of standing.

WHEREFORE, based on the foregoing and the ADOC Defendants' Motion for Summary Judgment and Brief in Support Thereof, Defendants respectfully request that this Court grant summary judgment to them on all Plaintiff's claims, dismissing this action against them.

                                          Respectfully Submitted,

                                          Steve Marshall
                                          Attorney General

                                          Anne A. Hill (ADA054)
                                          General Counsel


                                          <u>s/ Joseph "Jody" G. Stewart Jr.</u>
                                          Joseph "Jody" G. Stewart Jr. STE123
                                          Assistant Attorney General
                                          ASB-3423-W75J
                                          Attorney for Defendants
                                          Alabama Department of Corrections
                                          301 South Ripley Street
                                          Montgomery, Alabama 36130
                                          Telephone : (334) 353-4859
                                          Fax: (334) 353-3891
                                          Joseph.stewart@doc.alabama.gov


## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Theresa Kleinhaus
Sarah Grady
LOEVY & LOEVY
311 North Aberdeen Street, Third Floor
Chicago, Illinois 60607
(312) 243-5900

Henry F. (Hank) Sherrod III
HENRY F. SHERROD III, P.C.
119 South Court Street, Suite 200
P.O. Box 606

Florence, Alabama 35631-0606
(256) 764-4141

Barry Goheen
Bethany Rupert
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572 4600
Facsimile:  (404) 572 5100
Email: cschoch@kslaw.com


Phillip G. Piggott
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
(205) 868-6000

                                                s/ Joseph "Jody" G. Stewart Jr.
                                                Joseph "Jody" G. Stewart Jr.
                                                Assistant Attorney General