IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. BARBER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 0997 |
| ) | |
| JEFFERSON DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR EXPEDITED HEARING
ON PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF**

Plaintiff James E. Barber, by his attorneys, Loevy & Loevy, respectfully requests that this Court set an expedited schedule for resolution of Plaintiff's claims for injunctive relief, including a bench trial on those claims in July 2018 or the first date available to the Court. In support of his request, Plaintiff states as follows:

1. As noted in this Court's summary judgment opinion, the following claims are ready to proceed to trial: (a) Plaintiff's claims for injunctive relief against Defendant Dunn (in his official capacity) and Defendants Hood and Roddam for denying him adequate medical care and failing to intervene to stop the ongoing denial of adequate care; and (b) Plaintiff's claims for damages against Defendants Hood and Roddam for denying him adequate medical care and failing to intervene to prevent the denial of adequate medical care. Dkt. 82 at 34.

2. Plaintiff's claims for damages will be decided by a jury. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709-710 (1999). Plaintiff's claims for injunctive relief will be decided by this Court. *Wilson v. Bailey*,

934 F.2d 301, 305 n.4 (11th Cir. 1991). Plaintiff anticipates that the bench trial on Plaintiff's injunctive claims will take approximately one day. Plaintiff anticipates that the jury trial on Plaintiff's damages claims will take approximately 2 days to complete.

3. This Court has scheduled a final pretrial conference in this case for August 20, 2018, and indicated that it anticipates trial to occur during the week of September 10. Dkt. 90. Counsel for Defendants Hood and Roddam has indicated that he intends to ask the Court to move the trial to October or November 2018. Plaintiff has no objection to delaying the *jury* trial on his claim for damages, but given the pain that he continues to suffer daily as a result of Defendants' continued deliberate indifference, cannot agree to delay any bench trial on his claims for injunctive relief.

4. Plaintiff agrees that a pretrial conference will be required in advance of the jury trial on Plaintiff's damages claims, in order to resolve anticipated disputes about what evidence the jury may hear, and what instructions the jury should be given. But Plaintiff does not believe that a pretrial conference is required in advance of Plaintiff's bench trial on his injunctive claim, given the more relaxed evidentiary standards that courts typically employ in bench trials. *Null v. Wainwright*, 508 F.2d 340, 344 (5th Cir. 1975); *see also United States v. Brown*, 415 F.3d 1257, 1268 (11th Cir. 2005) (Rule 702 requirement relaxed when judge is serving as factfinder).

5. The evidence and the parties involved in Plaintiff's claims for damages

differ from those involved in his claims for injunctive relief. As such, two separate trials will be required. Because the trial on Plaintiff's injunctive claims will finally resolve his claims of ongoing harm, and because that trial will be substantially streamlined when compared with a jury trial in the case, Plaintiff respectfully requests that this Court set a date for that bench trial in July or the first date afterward when the Court is available.

6. Plaintiff contacted counsel for the Defendants to inquire about their availability. Counsel did not provide any restrictions on their availability (other than as described above).

WHEREFORE, Plaintiff respectfully requests that this Court schedule an evidentiary hearing to resolve Plaintiff's injunctive claims in July 2018, or the first date available for the Court.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff


/s/ Henry Sherrod
Henry F. Sherrod, III
Attorney for Plaintiff

Sarah Grady
Theresa Kleinhaus
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

Barry Goheen
Bethany Rupert
KING & SPALDING LLP
1180 Peachtree St. NE
Atlanta, GA 30309
(404) 572-4600

Henry F. Sherrod, III
HENRY F. SHERROD III, P.C.
119 S. Court St.
P.O. Box 606
Florence, Alabama 35631
(256) 764-4141

## **CERTIFICATE OF SERVICE**

  I, Sarah Grady, an attorney, certify that on June 18, 2018, I caused the foregoing Plaintiff's Motion for Expedited Hearing on Plaintiff's Claims for Injunctive Relief to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                /s/ Sarah Grady
                Sarah Grady
                Attorney for Plaintiff