FILED

2018 Aug-24  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. BARBER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:15-cv-0997-JHE |
| | ) | |
| CORIZON HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' JOINT OBJECTIONS TO PLAINTIFF'S PRETRIAL DISCLOSURES**

COME NOW the defendants, Hugh Hood, M.D., Roy Roddam, M.D. and Commissioner Jefferson Dunn, and file objections to the plaintiff's pretrial disclosures filed on August 10, 2018 [Doc. #105], and state as follows:

1.    The defendants object to the following witnesses:

**Dr. Cary**.  The plaintiff has not listed a first name for Dr. Cary.  The plaintiff has not provided an address or contact information for Dr. Cary.  The defendants have no idea who Dr. Cary is, who Dr. Cary works for, whether Dr. Cary has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Dr. Cary.

{B2929012}

**<u>Ms. Efleck</u>**.  The plaintiff has not listed a first name for Ms. Efleck.  The plaintiff has not provided an address or contact information for Ms. Efleck.  The defendants have no idea who Ms. Efleck is, who Ms. Efleck works for, whether Ms. Efleck has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Ms. Efleck.

**<u>Nurse Hackwood</u>**.  The plaintiff has not listed a first name for Nurse Hackwood.  The plaintiff has not provided an address or contact information for Nurse Hackwood.  The defendants have no idea who Nurse Hackwood is, who Nurse Hackwood works for, whether Nurse Hackwood has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Nurse Hackwood.

**<u>Nurse Klum</u>**.   The plaintiff has not listed a first name for Nurse Klum.  The plaintiff has not provided an address or contact information for Nurse Klum.  The defendants have no idea who Nurse Klum is, who Nurse Klum works for, whether Nurse Klum has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Nurse Klum.

**Nurse Rogers**.    The plaintiff has not listed a first name for Nurse Rogers. The plaintiff has not provided an address or contact information for Nurse Rogers. The defendants have no idea who Nurse Rogers is, who Nurse Rogers works for, whether Nurse Rogers has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Nurse Rogers.

**Nurse Woods**.    The plaintiff has not listed a first name for Nurse Woods. The plaintiff has not provided an address or contact information for Nurse Woods. The defendants have no idea who Nurse Woods is, who Nurse Woods works for, whether Nurse Woods has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Nurse Woods.

**Nurse Thomas**.    The plaintiff has not listed a first name for Nurse Rogers. The plaintiff has not provided an address or contact information for Nurse Thomas. The defendants have no idea who Nurse Thomas is, who Nurse Thomas works for, whether Nurse Thomas has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Nurse Thomas.

**Nurse Smith**.    The plaintiff has not listed a first name for Nurse Smith. The plaintiff has not provided an address or contact information for Nurse Smith. The defendants have no idea who Nurse Smith is, who Nurse Smith works for, whether Nurse Smith has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Nurse Smith.

**Nurse Shelton**.    The plaintiff has not listed a first name for Nurse Shelton. The plaintiff has not provided an address or contact information for Nurse Shelton. The defendants have no idea who Nurse Shelton is, who Nurse Shelton works for, whether Nurse Shelton has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Nurse Shelton.

**Nurse Mitchell**.    The plaintiff has not listed a first name for Nurse Mitchell. The plaintiff has not provided an address or contact information for Nurse Mitchell.  The defendants have no idea who Nurse Mitchell is, who Nurse Mitchell works for, whether Nurse Mitchell has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.    Therefore, the defendants object to the witness designated as Nurse Mitchell.

**Nurse Guen**.   The plaintiff has not listed a first name for Nurse Guen.  The plaintiff has not provided an address or contact information for Nurse Guen.  The defendants have no idea who Nurse Guen is, who Nurse Guen works for, whether Nurse Guen has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.   Therefore, the defendants object to the witness designated as Nurse Guen.

**Officer Martin**.  The plaintiff has not listed a first name for Officer Martin. The plaintiff has not provided an address or contact information for Officer Martin. The defendants have no idea who Officer Martin is, who Officer Martin works for, whether Officer Martin has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Officer Martin.

**Officer Smith**.  The plaintiff has not listed a first name for Officer Smith. The plaintiff has not provided an address or contact information for Officer Smith. The defendants have no idea who Officer Smith is, who Officer Smith works for, whether Officer Smith has ever had any association with Mr. Barber or provided any medical care and/or treatment to Mr. Barber.  Therefore, the defendants object to the witness designated as Officer Smith.

**<u>Larry Stewart</u>**.   The plaintiff has not provided an address or contact information for Larry Stewart.  The defendants have no idea who Larry Stewart is, whether Larry Stewart is incarcerated or not, and whether Larry Stewart has ever had any association with Mr. Barber.   Therefore, the defendants object to the witness designated as Larry Stewart.

**<u>Mike Samra</u>**.   The plaintiff has not provided an address or contact information for Mike Samra.  The defendants have no idea who Mike Samra is, whether Mike Samra is incarcerated or not, and whether Mike Samra has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Mike Samra.

**<u>Fred Woods</u>**.   The plaintiff has not provided an address or contact information for Fred Woods.  The defendants have no idea who Fred Woods is, whether Fred Woods is incarcerated or not, and whether Fred Woods has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Fred Woods.

**<u>John Waldo</u>**.   The plaintiff has not provided an address or contact information for John Waldo.  The defendants have no idea who John Waldo is, whether John Waldo is incarcerated or not, and whether John Waldo has ever had

any association with Mr. Barber.  Therefore, the defendants object to the witness designated as John Waldo.

**Reono Bertagnolli**.  The plaintiff has not provided an address or contact information for Reono Bertagnolli.  The defendants have no idea who Reono Bertagnolli is, whether Reono Bertagnolli is incarcerated or not, and whether Reono Bertagnolli has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Reono Bertagnolli.

**Jason Liu**.  The plaintiff has not provided an address or contact information for Jason Liu.  The defendants have no idea who Jason Liu is, whether Jason Liu is incarcerated or not, and whether Jason Liu has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Jason Liu.

**Barrett Cary**.  The plaintiff has not provided an address or contact information for Barrett Cary.  The defendants have no idea who Barrett Cary is, whether Barrett Cary is incarcerated or not, and whether Barrett Cary has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Barrett Cary.

**Uchendu Azodo**.  The plaintiff has not provided an address or contact information for Uchendu Azodo.  The defendants have no idea who Uchendu Azodo is, whether Uchendu Azodo is incarcerated or not, and whether Uchendu

Azodo has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Uchendu Azodo.

**Justin Weiss**.   The plaintiff has not provided an address or contact information for Justin Weiss.  The defendants have no idea who Justin Weiss is, whether Justin Weiss is incarcerated or not, and whether Justin Weiss has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Justin Weiss.

**Officer Martin**.   The plaintiff has not provided an address or contact information for Officer Martin.  The defendants have no idea who Officer Martin is or where Officer Martin works and whether Officer Martin has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Officer Martin.

**Officer Smith**.   The plaintiff has not provided an address or contact information for Officer Smith.  The defendants have no idea who Officer Smith is or where Officer Smith works and whether Officer Smith has ever had any association with Mr. Barber.  Therefore, the defendants object to the witness designated as Officer Smith.

**Record keepers**.   The plaintiff has listed as possible witnesses: "Record keepers."  No reference is made to what record keepers are proposed to be called, where such record keepers work, and what information and/or knowledge the alleged record keepers have.  Therefore, the defendants object to the witness designated as Record Keepers.

2.     With regard to exhibits set forth by the plaintiff in the plaintiff's pretrial disclosures, the defendants have the following objections:

**ADOC Contract**.   The claims in this matter are for deliberate indifference against Hugh Hood, M.D. and Roy Roddam, M.D.   The terms of the contract between Alabama Department of Corrections and Corizon are irrelevant and immaterial to any claims of Barber against the defendants in this matter. Therefore, the defendants object to these documents.

**Hood Article**.   The claims in this matter are for deliberate indifference against Hugh Hood, M.D. and Roy Roddam, M.D.   The contents of the article written by Hugh Hood, M.D. are irrelevant and immaterial to any claims of Barber against the defendants in this matter. Therefore, the defendants object to these documents.

**Lawsuit Documents.**   The lawsuit documents Bates stamped P558-727 pertain to other inmate's claims.   These lawsuits do not pertain to any claims at issue.   Therefore, the defendants object to these documents.

**Deposition Transcript of Hugh Hood, M.D.**   Dr. Hood will testify live during the trial of this matter and therefore the defendants object to the deposition transcript of Hugh Hood being offered as an exhibit in this matter.

**Deposition Transcript of Thomas Powell, M.D.**   Dr. Powell will testify live during the trial of this matter and therefore the defendants object to the deposition transcript.

**Deposition Transcript of Roy Roddam, M.D.**   Dr. Roddam will testify live during the trial of this matter and therefore the defendants object to the deposition transcript of Roy Roddam being offered as an exhibit in this matter of Roy Roddam being offered as an exhibit in this matter.

**Deposition Transcript of James Butler, CRNP.**   James Butler, CRNP will testify live during the trial of this matter and therefore the defendants object to the deposition transcript of James Butler being offered as an exhibit in this matter.

**Deposition Transcript of James Barber.**  James Barber will testify live during the trial of this matter and therefore the defendants object to the deposition transcript of James Barber being offered as an exhibit in this matter.

**Medical Transports for January 2014, August 2015.**  The medical transport information pertaining to inmates other than James Barber is irrelevant and immaterial to any claims against these defendants. Therefore, these defendants object to these documents.

**Alabama DOC Inmate Admission Handbook.**  There is nothing in this documents that pertains to any claims against these defendants.  The information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**Alabama DOC Transportation of Inmates SOP.**  There is nothing in this documents that pertains to any claims against these defendants.  The information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**William E. Donaldson Correctional Facility Inmate Handbook.**  There is nothing in this documents that pertains to any claims against these defendants.  The information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**Emergency Medical Transfers SOP.**   There is nothing in this documents that pertains to any claims against these defendants.  The information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**Index of Inmate Movement History.**   There is nothing in this documents that pertains to any claims against these defendants.  The information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**Medical Transports for Jan. 2014, Aug. 2015.**   There is nothing in this documents that pertains to any claims against these defendants.  The information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**No. 113 Health Services.**   There is nothing in this documents that pertains to any claims against these defendants.   The information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**Spreadsheet of Other ADOC Prisoners with Hip Replacements (1371-1373)**.  The claims in this matter are for deliberate indifference against Dr. Hood and Dr. Roddam.  There are no claims remaining against Corizon or any other

individual or entity.  Any and all information with regard to other inmates/patients are irrelevant and immaterial to any of the remaining claims of Barber against Dr. Hood and Dr. Roddam.  Therefore, the defendants object to these documents.

**Corizon Policies and Procedures.**  This disclosure is too broad.   There are many policies and procedures that do not pertain to any claims against these defendants.  Much of the information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**Corizon Utilization Management.**  This disclosure is too broad.   There are many policies and procedures that do not pertain to any claims against these defendants.  Much of the information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**ADOC offsite Referral Documents.**   There is nothing in this documents that pertains to any claims against these defendants.  The information contained in this document is irrelevant and immaterial to any claims of Mr. Barber. Therefore, these defendants object to these documents.

**Insurance Documents**.   Insurance documentation has no relevance or materiality to any of the remaining claims against Dr. Hood and Dr. Roddam. Therefore, the defendants object to these documents

**Roddam Personnel File**.   The totality of Dr. Roddam's personnel file is irrelevant and immaterial to any of the remaining claims by Barber against Dr. Roddam.  If the plaintiff were to designate certain and specific documents within Roddam's personnel file, this objection may be lifted.  However, the defendants object to the totality of Dr. Roddam's personnel file as listed by the plaintiff.

**Hood Personnel File**.  The totality of Dr. Hood's personnel file is irrelevant and immaterial to any of the remaining claims by Barber against Dr. Hood.  If the plaintiff were to designate certain and specific documents within Hood's personnel file, this objection may be lifted.  However, the defendants object to the totality of Dr. Hood's personnel file as listed by the plaintiff.

**Medical Records (1371-1418)**.   These documents pertain to inmates/patients other than James Barber.  All information pertaining to other inmates besides the inmate James Barber are irrelevant and immaterial to the remaining claims against Dr. Hood and Dr. Roddam.  Therefore, the defendants object to these documents.

Respectfully submitted,


/s/ *Philip G. Piggott*
   Philip G. Piggott (ASB-4379-P67P)
E-mail: pgp@starneslaw.com
STARNES DAVIS FLORIE LLP
Birmingham, AL   35259-8512
Telephone: 205-868-6000
*Attorney for Defendants,*
*Hugh Hood, M.D. and Roy Roddam, M.D.*


*/s/Gary L. Willford, Jr.*
Gary L. Willford, Jr. (WIL198)
Assistant Attorney General
State of Alabama Department of Corrections
P. O. Box 301501
Montgomery, AL 36130-1501
*Attorney for Defendant, Jefferson S. Dunn*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 24, 2018,** filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

| | |
|---|---|
| Henry F. Sherrod, III, Esq.<br>HENRY F. SHERROD III, P.C.<br>119 South Court St., Suite 200<br>Florence, AL  35631-0606 | Sarah Grady, Esq.<br>Theresa Kleinhaus, Esq.<br>LOEVY & LOEVY<br>311 North Aberdeen Street, 3rd Floor<br>Chicago, IL 60607 |
| Bethany Rupert, Esq.<br>KING & SPALDING<br>2484 Brookdale Dr NE<br>Atlanta, GA 30345 | Barry Goheen, Esq.<br>Coleen Schoch, Esq.<br>Bethany Rupert, Esq.<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, GA 30309 |

s/ *Philip G. Piggott*
OF COUNSEL