# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA, BIRMINGHAM DIVISION

| | |
|---|---|
| JAMES BARBER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-0997-JHE |
| CORIZON HEALTH, et al., | ) |
| Defendants. | ) Hon. John H. England, III |

## PLAINTIFF'S BRIEF

Plaintiff, James Barber, by his attorneys, respectfully provides the submission in response to the Court's August 21, 2018 Order (Doc. 106), stating as follows:

**A.     Plaintiff's Witness List.[1]**

1.     James E. Barber, Jr. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff expects to call this witness at trial.

2.     Dr. Robert Cusick. Kansas Orthopedic Center, 7550 West Village Cir., Ste. 1, Wichita, KS 67205. Plaintiff expects to call this witness at trial.

3.     Dr. Roy Roddam. Starnes Davis Florie, LLP, 100 Brookwood Pl, 7th Fl., Birmingham, AL 35209. Plaintiff may call this witness at trial.

4.     Dr. Hugh Hood. Starnes Davis Florie, LLP, 100 Brookwood Pl, 7th Fl., Birmingham, AL 35209. Plaintiff may call this witness at trial.

5.     Nurse Practitioner James Butler. Starnes Davis Florie, LLP, 100 Brookwood Pl, 7th Fl., Birmingham, AL 35209. Plaintiff may call this witness at trial.

6.     Dr. Denice McQueen. 805 Timberline W., Bessemer, AL 35022. Plaintiff may call this witness at trial.

7.     Dr. Joseph Marino. 2828 Downing Cir., Birmingham, AL 35242. Plaintiff may call this witness at trial.

---

[1] Those witnesses whose testimony focuses exclusively (or nearly so) on the issue of Plaintiff's pain, mobility, and difficulty with daily activities are designated with an asterisk.

8. Dr. Barrett Cary. 3420 Ridge Dell Cir., Vestavia, AL 35243. Dr. Cary was disclosed by both Plaintiff and the Corizon Defendants in their initial disclosures. Plaintiff may call this witness at trial.

9. Dr. Thomas Powell. Powell Orthopedics, 513 Brookwood Blvd., Ste. 200, Birmingham, AL 35209. Plaintiff may call this witness at trial.

10. Dr. John Waldo. 5580 Lake Trace Dr., Hoover, AL 35244. Dr. Waldo was disclosed by the Corizon Defendants in their initial disclosures. Plaintiff may call this witness at trial.

11. Dr. Reono Bertagnolli. 1001 Woodside Crossing, Savannah, GA 31405. Dr. Bertagnolli was disclosed by the Corizon Defendants in their initial disclosures. Plaintiff may call this witness at trial.

12. Dr. Jason Liu. 732 Montgomery Hwy., Vestavia Hills, AL 35216. Dr. Liu was disclosed by the Corizon Defendants in their initial disclosures. Plaintiff may call this witness at trial.

13. Dr. Uchendu Azodo. 11767 South Dixie Hwy. #122, Pinecrest, FL 33156. Dr. Azodo was disclosed by the Corizon Defendants in their initial disclosures. Plaintiff may call this witness at trial.

14. Nurse Virginia Vincent.[2] 27 Morning Glory Dr., Pell City, AL 35128. Plaintiff may call this witness at trial.

15. Nurse Leanna Rambo. 5154 Norton Ln., Mobile, AL 36608. Plaintiff may call this witness at trial.

16. Nurse Sandra Hackworth (listed as Nurse Hackwood in Plaintiff's disclosures). Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

17. Nurse Wix. Plaintiff did not know Nurse Wix's first name but Plaintiff's counsel believes it is either Kristin Wix, who resides at 1103 Apple Blossom Cir., Leeds, AL 35094, or Amanda Wix, who resides at 9 Joe Weldon Rd., Empire, AL 35063. Plaintiff may call this witness at trial.

18. Nurse Carlyle. Plaintiff does not know Nurse Carlyle's first name, but she is an African-American woman who is approximately 5' 6" tall. She left Donaldson in 2015 and is a former Corizon employee. Plaintiff may call this witness at trial.

---

[2] Many of the nurses listed in Plaintiff's pretrial disclosures will offer testimony both on the topic of Plaintiff's pain and mobility, as well as the treatment that Plaintiff received or did not receive at Donaldson Correctional Facility.

19. Nurse Roseanne Clum (listed as Nurse Klum in Plaintiff's disclosures). Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

20. Nurse Rogers. Plaintiff does not know Nurse Roger's first name, but she was a female nurse at Donaldson who was approximately 5' tall and retired approximately 4 years ago. Plaintiff may call this witness at trial.

21. Nurse Elizabeth Wood (listed as Nurse Woods in Plaintiff's disclosures). 3699 Sharon Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

22. Nurse Jackie Clark. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

23. Nurse Green. Plaintiff does not know Nurse Green's first name, but he is a male nurse that Plaintiff believes is an RN currently working at Donaldson. Based on conversations with counsel for Defendants, Plaintiff's counsel believes that Defendants have identified this witness and do not object to his testimony. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

24. Nurse Ergle. Plaintiff does not know Nurse Ergle's first name, but believes that she is the current director of nursing at Donaldson. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

25. Nurse Smith. Plaintiff does not know Nurse Smith's first name, but she was the Director of Nursing at Donaldson approximately 1.5-2 years ago. She is an African-American woman and was a former employee of Corizon. Plaintiff may call this witness at trial.

26. Nurse Tia Shelton. 1014 Jackson St., Apt. 491, Jasper, AL 35501. Plaintiff may call this witness at trial.

27. Nurse Matthew Maguen or Guen (listed as Nurse Guen in Plaintiff's disclosures). This nurse is a male nurse who is currently working at Donaldson. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

28. Nurse Sargent. Plaintiff does not know Nurse Sargent's first name, but she is a Caucasian woman with dark gray hair who is approximately 50 years old. Plaintiff may call this witness at trial.

29. Ms. Arthur. Plaintiff does not know Ms. Arthur's first name, but she is a Caucasian woman with blonde hair who is approximately 60 years old. She has been retired for the past few years, but used to work with the doctors at Donaldson. Plaintiff may call this witness at trial.

30. Officer Michael Pittman.* 6812 Crystal Hill Ln., Birmingham, AL 35212. Plaintiff may call this witness at trial.

31.     Officer James Beachum.* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

32.     LaDarrious Pickens.* Alabama Department of Corrections, Legal Division, P.O. Box 301501, Montgomery, AL 36130. Plaintiff may call this witness at trial.

33.     Officer Martin.* Plaintiff does not know Officer Martin's first name but he currently works at Donaldson, and is an African-American man who is approximately 5' 9" tall. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

34.     Lieutenant Mohamed Jenkins (listed as Officer Jenkins in Plaintiff's disclosures).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

35.     Captain Jimmie Richberg.* 908 61st St. W., Birmingham, AL 35228. Plaintiff may call this witness at trial.

36.     Captain Kevin White.* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

37.     Officer Christopher Bowline.* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

38.     Officer Randy Givens.* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

39.     Officer Smith.* Plaintiff does not know Officer Smith's first name but he current works on the second shift at Donaldson, and is an African-American man who is approximately 6' tall and approximately 30-35 years old. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

40.     James Brownfield (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

41.     Mike Samra (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

42.     Jesse Scheuing (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

43.     Fred Woods (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

44.     Don Deardorf (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

45. Donald Broadnax (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

46. James Johnson (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

47. Taurus Carroll (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

48. Willie Minor (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

49. Justin White (Prisoner Witness).* Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023. Plaintiff may call this witness at trial.

50. Larry Stewart.* 381 Summerville Estates Cir., Jasper, AL 35504. Plaintiff acknowledges that Mr. Stewart was not disclosed during discovery and agrees to withdraw him as a witness unless Defendants are permitted to call the witnesses that they did not disclose.

Plaintiff has removed the following witnesses from his pretrial disclosures: Ms. Efleck, Nurse Thomas, Nurse Mitchell, Officer Parks, Officer Steed, Officer Robinson, Officer Philips, Officer Washington, and Justin Weiss.

If Defendants are given leave to call at trial those witnesses that they identified long after the close of discovery and within weeks before the trial (14 days ago), Plaintiff requests that he similarly be granted the opportunity to disclose additional witnesses to call at trial.

**II.   Live Testimony.**

After conferring with counsel for Defendants, the parties agree that both the correctional officer witness and prisoner witness will testify in this case via videoconference, rather than live. Given the parties' agreement, Plaintiff withdraws his objection to calling these witnesses via videoconference.

**III.   Plaintiff's Objections to Defendants' Witness List.**

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires each party to disclose the name of every witness it may call to support its claims or defenses, along with the

subject of the relevant information known that witness. Rule 26(e) in turn requires the parties to timely supplement those disclosures if they are incomplete. The Eleventh Circuit has noted that "compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004). In fact, "[t]he purpose of Rule 26 disclosures is to prevent unfair surprise or prejudice at trial." *WM Mobile Bay Environmental Center, Inc. v. City of Mobile Solid Waste Authority*, 2015 WL6964658, at *2 (S.D. Ala. Nov. 10, 2015) (citing *King v. City of Waycross, Georgia*, 2015 WL 5468646, at *3 (S.D. Ga. Sept. 17, 2015) ("For years Courts throughout the land have been charged with eliminating 'trial by ambush.' A major purpose of discovery is eliminating surprise. The advent of FRCP 26(a)(1) (the initial disclosures) is to further-not hinder-that goal.").

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless." *King v. Passmore*, 2017 WL 5202886, at *2 (N.D. Ala. Apr. 17, 2017). In making such a determination, courts will consider the following factors: "(1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence." *Id.* Defendants here have made no attempt to show that their failure to identify Officers Pickens, Barber, Giardina, Odem, and Phillips, Sergeants Edmonds and Eades, and Lieutenants Wheat and Jenkins was in any way substantially justified or harmless. Accordingly, the Court should bar Defendants from calling them as witnesses. To the

extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling these witnesses, along with certain exhibits which Defendants have similarly failed to disclose.

Below are Plaintiff's particular objections to Defendants' proposed witnesses:

1. James E. Barber, Jr.

No objection, although Plaintiff intends to file a motion *in limine* regarding the introduction of Plaintiff's crime, sentence, or status as a prisoner on death row.

2. Dr. Hugh Hood.

No objection, although Plaintiff intends to file a motion *in limine* regarding the scope of Dr. Hood's testimony.

3. Dr. Roy Roddam.

No objection, although Plaintiff intends to file a motion *in limine* regarding the scope of Dr. Roddam's testimony.

4. Dennis Butler.

No objection, although Plaintiff intends to file a motion *in limine* regarding the scope of Nurse Butler's testimony.

5. Warden Leon Bolling.

**Objection:** Warden Bolling was disclosed by Defendant Dunn to "support the defense of the case" without explanation. No supplemental disclosure was ever provided explaining *what* subjects of discoverable information Warden Bolling had that might be offered in defense of the case. The Corizon Defendants did not disclose him as a potential witness.

6. Warden Angela Miree.

**Objection:** Warden Miree was disclosed by Defendant Dunn as a witness with knowledge that may be used "to support her defense." Plaintiff initially brought a claim against Warden Miree over his conditions on death row, but that claim was dismissed at summary judgment. Doc. 82 at 34. Defendants have served no supplemental disclosures detailing any other topics of information on which they might call her to testify.

7. Officer LaDarrious Pickens.

>**Objection:** Defendants have never disclosed Officer Pickens as a potential witness that they may call in this case nor have they identified the subjects of information about which Officer Pickens may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Officer Pickens, among others. Additionally, if Defendants are permitted to call Officer Pickens at trial, Plaintiff intends to seek leave to depose him.

8. Officer Alphonso Barber.

>**Objection:** Officer Barber has never been disclosed by any party as a potential witness nor has there been any explanation as to the subjects of information about which Officer Barber may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Officer Barber, among others. Additionally, if Defendants are permitted to call Officer Barber at trial, Plaintiff intends to seek leave to depose him.

9. Sergeant Akeem Edmonds.

>**Objection:** Sergeant Edmonds has never been disclosed by any party as a potential witness nor has there been any explanation as to the subjects of information about which Sergeant Edmonds may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Sergeant Edmonds, among others. Additionally, if Defendants are permitted to call Sergeant Edmonds at trial, Plaintiff intends to seek leave to depose him.

10. Sergeant Trenten Eades.

>**Objection:** Sergeant Eades has never been disclosed by any party as a potential witness nor has there been any explanation as to the subjects of information about which Sergeant Eades may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Sergeant Eades, among others. Additionally, if Defendants are permitted to call Sergeant Eades at trial, Plaintiff intends to seek leave to depose him.

11. Officer Peter Giardina.

>**Objection:** Officer Giardina has never been disclosed by any party as a potential witness nor has there been any explanation as to the subjects of information about which Officer Giardina may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Officer Giardina, among others. Additionally, if Defendants are permitted to call Officer Giardina at trial, Plaintiff intends to seek leave to depose him.

12. Officer Corey Odem.

**Objection:** Officer Odem has never been disclosed by any party as a potential witness nor has there been any explanation as to the subjects of information about which Officer Odem may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Officer Odem, among others. Additionally, if Defendants are permitted to call Officer Odem at trial, Plaintiff intends to seek leave to depose him.

13. Officer Andie Phillips.

**Objection:** Officer Phillips has never been disclosed by any party as a potential witness nor has there been any explanation as to the subjects of information about which Officer Phillips may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Officer Phillips, among others. Additionally, if Defendants are permitted to call Officer Phillips at trial, Plaintiff intends to seek leave to depose him/her.

14. Lieutenant Todd Wheat.

**Objection:** Lieutenant Wheat has never been disclosed by any party as a potential witness nor has there been any explanation as to the subjects of information about which Lieutenant Wheat may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Lieutenant Wheat, among others. Additionally, if Defendants are permitted to call Lieutenant Wheat at trial, Plaintiff intends to seek leave to depose him.

15. Lieutenant Mohamed Jenkins.

**Objection:** Defendants have never disclosed Lieutenant Jenkins as a potential witness that they may call in this case nor have they identified the subjects of information about which Lieutenant Jenkins may be called to testify. To the extent necessary, Plaintiff intends to submit a motion *in limine* addressing further why Defendants should be barred from calling Lieutenant Jenkins, among others. Additionally, if Defendants are permitted to call Lieutenant Jenkins Pickens at trial, Plaintiff intends to seek leave to depose him.

16. Dr. Thomas Powell.

No objection, although Plaintiff intends to file a motion *in limine* regarding the scope of Dr. Powell's testimony.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff


Jon Loevy
Sarah Grady
Theresa Kleinhaus
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900


Barry Goheen
Bethany Rupert
KING & SPAULDING LLP
1180 Peachtree St., NE
Atlanta, GA 30309
(404) 572-3525


Henry F. Sherrod, III
HENRY F. SHERROD III, P.C.
119 South Court St.
P.O. Box 606
Florence, AL 35631
(256) 764-4141

**CERTIFICATE OF SERVICE**

   I, Sarah Grady, an attorney, certify that on August 24, 2018, I caused the foregoing Plantiff's Trial Brief to be submitted to the Court via e-mail, which included counsel of record for all parties.

                     /s/ Sarah Grady
                     Sarah Grady
                     Attorney for Plaintiff