IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. BARBER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-0997-JHE |
| ) | |
| CORIZON HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO STRIKE AND/OR MOTION TO PRECLUDE EXHIBITS FOR THE FIRST TIME PRODUCED AND REVEALED BY BARBER'S COUNSEL ON OCTOBER 24, 2018

**COME NOW** the defendants, Hugh Hood, M.D., Roy Roddam, M.D., and Commissioner Jefferson Dunn, and move this Court to strike and/or preclude exhibits produced and/or referenced for the first time by Barber's counsel on October 24, 2018, and for cause would show unto the Court as follows:

On August 10, 2018, pursuant to the Court's Pretrial Order, Barber filed his pretrial disclosures. Those disclosures are attached hereto as Exhibit A. In the plaintiff's pretrial disclosures, Barber disclosed witnesses he planned to call at trial, as well as exhibits that Barber planned to utilize in the trial of this matter.

The exhibits produced by Barber in this case were Bate Stamped P001 through P728 (see Doc. No. 105 attached hereto as Exhibit A).

{B2990308}

On Wednesday, October 24, 2018 at 3:13 p.m., counsel for the defendants received an email from Barber's attorney, Sarah Grady, stating that Ms. Grady would be producing plaintiff's production P00728-001132, which was the deposition of Dr. Hood taken in the matter styled *Joshua Dunn, et al., Plaintiffs v. Jefferson Dunn, et al., Defendants*, filed in the United States District Court for the Middle District of Alabama, Civil Action No.: 2:14-cv-00601-MHT-TFM. Ms. Grady also stated that a report of a Michael Puisis, D.O. was also being produced, regarding the quality of medical care in ADOC, Bates Stamped P001133-001603. (E-mail attached hereto as Exhibit B).

The documents were produced pursuant to two Sharefiles at 3:15 p.m. on Wednesday, October 24, 2018 (Exhibit C).

As the Court can see from plaintiff's pretrial disclosures (Doc. 105), these documents were not previously disclosed by Barber or his attorneys and Michael Puisis, D.O. was never disclosed as an expert and/or witness in this matter.

The documents disclosed for the first time by Barber's counsel on October 24, 2018, should be struck and/or precluded from use during the trial of the matter for numerous reasons. The Court has already set forth in Court Orders that witnesses not disclosed are to be precluded from testifying in the trial of this matter. Due to the fact that Michael Puisis, D.O. was never disclosed as witness or expert, his report should be summarily precluded from being utilized in the trial of this matter.

{B2990308}

Secondly, the report of Michael Puisis, D.O. and the deposition of Dr. Hood taken in the *Joshua Dunn v. Jefferson Dunn* matter were never disclosed as exhibits and therefore should also be precluded and struck from being utilized by Barber's counsel during the trial of this matter. Thirdly, the report of Michael Puisis was the subject of a Daubert motion filed under seal in the *Joshua Dunn v. Jefferson Dunn* matter. The below signed counsel should not have to relitigate the Daubert issues of Michael Puisis in an unrelated case and whose opinions are irrelevant and immaterial to the claims against the defendants in this matter. Fourthly, the report of Michael Puisis, D.O. and the deposition of Hugh Hood, M.D., taken in the *Joshua Dunn v. Jefferson Dunn* matter are clearly attempts by Barber's counsel to litigate the entire health care system of the Alabama Department of Corrections in the *Barber* matter.

The claims in the *Barber* matter pertain to alleged deliberate indifference of Dr. Hood and Dr. Roddam with regard to a total hip replacement sought by Mr. Barber. Neither the Alabama Department of Corrections nor its inmate health care delivery system is on trial in this matter. Accordingly, all evidence and testimony with regard to the entire health care system is irrelevant and should be excluded.

The first several pages of the report of Michael Puisis, D.O., which is 470 pages in length is attached hereto as Exhibit D.

The first several pages of the deposition of Hugh Hood, M.D., taken in the *Dunn* matter, which is 404 pages in length, is attached hereto as Exhibit E.

The deposition of Dr. Hood taken in the *Dunn* matter and the report of Dr. Puisis were produced and revealed by Barber's counsel for the first time, four days before the trial of this matter is to begin.

The below signed counsel has never seen either one of these documents before.

The defendants move this Court for an expeditious ruling striking these two exhibits and precluding Barber from utilizing these exhibits or any material contained therein during the trial of this matter.

Respectfully submitted,

/s/ *Philip G. Piggott*
Philip G. Piggott (ASB-4379-P67P)
E-mail: pgp@starneslaw.com
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Telephone: 205-868-6000
*Attorney for Defendants,*
*Hugh Hood, M.D. and Roy Roddam, M.D.*

4

{B2990308}

/s/*Gary L. Willford, Jr.*
Gary L. Willford, Jr. (WIL198)
Assistant Attorney General
State of Alabama Department of Corrections
P. O. Box 301501
Montgomery, AL 36130-1501
*Attorney for Defendant, Jefferson S. Dunn*

# CERTIFICATE OF SERVICE

I hereby certify that on **October 26, 2018,** filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

| | |
|---|---|
| Henry F. Sherrod, III, Esq.<br>HENRY F. SHERROD III, P.C.<br>119 South Court St., Suite 200<br>Florence, AL 35631-0606 | Sarah Grady, Esq.<br>Arthur Loevy<br>Jon Loevy<br>Michael Kanovitz<br>LOEVY & LOEVY<br>312 North May Street, Suite 100<br>Chicago, IL 60607 |
| Bethany Rupert, Esq.<br>KING & SPALDING<br>2484 Brookdale Dr NE<br>Atlanta, GA 30345 | Barry Goheen, Esq.<br>Coleen Schoch, Esq.<br>Bethany Rupert, Esq.<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, GA 30309 |

s/ *Philip G. Piggott*
OF COUNSEL

{B2990308}

5