IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. BARBER, JR.,            )   | |
|                                  )   | |
|     Plaintiff,                   )   | |
|                                  )   | |
|     v.                           )   | Case No.: 2:15-cv-0997-JHE |
|                                  )   | |
| CORIZON HEALTH, et al.,          )   | |
|                                  )   | |
|     Defendants.                  )   | |

## MOTION TO STRIKE AND/OR PRECLUDE EXHIBITS RECEIVED BY DEFENDANTS ON OCTOBER 24, 2018

**COME NOW** the defendants, Hugh Hood, M.D., Roy Roddam, M.D., and Commissioner Jefferson Dunn, and move this Court for an Order precluding certain exhibits received from James Barber on October 24, 2018, and for cause would show unto the Court as follows:

On October 24, 2018, at 5:52 p.m., the defendants received a share file with 74 separate files. The defendants object to the following exhibits to be utilized at trial and move this court for an Order precluding the below-referenced exhibits to be utilized during the trial of this matter:

1.      Plaintiff's Exhibit c - Corizon ADOC contract (P395-465) (1322-1370). (Designated as plaintiff's Trial Exhibit 3.1.) The claims in this matter are for the alleged deliberate indifference of Hugh Hood, M.D. and Roy Roddam, M.D. with regard to total hip replacement that Mr. Barber contends is medically necessary.

{B2990855}

The medical services agreement between Corizon and the Alabama Department of Corrections is irrelevant and immaterial to any of the remaining claims in this matter. Neither Corizon nor the ADOC are defendants. Any information contained in the document marked as Plaintiff's Trial Exhibit 3.1 are completely irrelevant and immaterial to any claims in this matter.

2. Plaintiff's Exhibit c - Corizon ADOC Contract Review Permanent Legislative Oversight Committee (P395-465) (1322-1370). (Designated as Plaintiff's Trial Exhibit 3.2.) The claims in this matter are for the alleged deliberate indifference of Hugh Hood, M.D. and Roy Roddam, M.D. with regard to total hip replacement that Mr. Barber contends is medically necessary. The medical services agreement and any collateral documents thereto between Corizon and the Alabama Department of Corrections are/is irrelevant and immaterial to any of the remaining claims in this matter. Neither Corizon nor the ADOC are defendants. Any information contained in the document designated as plaintiff's Trial Exhibit 3.2 are completely irrelevant and immaterial to any claims in this matter.

3. Plaintiff's Exhibit f - Hood article. (P470-472) (Designated as Plaintiff's Trial Exhibit 6). Barber and his counsel have attached as a potential exhibit an AL.COM article written by Hugh Hood, M.D. entitled *Alabama Prison Doctor: My Job's Not Glamorous, But I Believe It's My Calling*. The article is irrelevant and immaterial to any of the claims remaining in this matter.

{B2990855}

4. Plaintiff's Exhibit k – Lawsuit documents (P558-727) (Plaintiff's Trial Exhibit 11). The Plaintiff has produced numerous complaints filed by inmates incarcerated with the Alabama Department of Corrections. The lawsuit material dating back to 2010 are irrelevant and immaterial to this claims remaining pending in this matter.

Attached hereto are the case action summary sheets for those cases. Specifically, the cases are designated as:

(1) *Jerry L. Bennett v. Hugh Hood, M.D., et al.,* filed in the United States District Court for the Northern District of Alabama (Middle Division), Case No.: 4:12-cv-04077-KOB-SGC (Case Action Summary Sheet attached hereto) – matter dismissed for failure to state a claim on August 29, 2014.

(2) *Larry G. Coker v. Hugh Hood, M.D., et al.,* filed in the United States District Court for the Northern District of Alabama (Northeastern Division), Case No.: 5:12-cv-01028-SLB-TMP (Case Action Summary Sheet attached hereto) – matter dismissed with prejudice on March 23, 2015. Affirmed by the United States District Court for the Eleventh Circuit of Alabama on June 12, 2017.

{B2990855}

(3) *Kamiles K. Crews-Bey v. Hugh Hood, M.D., et al.,* filed in the United States District Court for the Southern District of Alabama (Mobile Division), Case No.: 1:11-cv-00083-WS-B (Case Action Summary Sheet attached hereto) – matter dismissed for failure to state a claim on March 20, 2013.

(4) *Gregory Eddins v. Roy Roddam, et al.,* filed in the United States District Court for the Northern District of Alabama (Southern Division), Case No.: 2:14-cv-0067-MHH-HGD (Case Action Summary Sheet attached hereto) – matter dismissed with prejudice September 24, 2015.

(5) *Tommy James Gillentine v. Hugh Hood, M.D., et al.,* filed in the United States District Court for the Northern District of Alabama (Northeastern Division), Case No.: 5:11-cv-02694-RDP-TMP (Case Action Summary Sheet attached hereto) – matter dismissed December 16, 2016.

(6) *Jeffery Hallen McClellan v. Hugh Hood, M.D.,* filed in the United States District Court for the Middle District of Alabama (Montgomery Division), Case No.: 2:11-cv-01007-TMH-CSC (Case Action Summary Sheet attached hereto) –matter dismissed

{B2990855}

March 31, 2014 – appeal dismissed by the United States Court of Appeals for the Eleventh Circuit September 2, 2014.

(7) *Nathaniel Shaw v. Hugh Hood, M.D.,* filed in the United States District Court for the Northern District of Alabama (Western Division), Case No.: 7:14-cv-00389-RDP-JEO (Case Action Summary Sheet attached hereto) – matter dismissed with prejudice January 23, 2017.

(8) *Larry Roger Shepherd v. Hugh Hood, M.D., et al.,* filed in the United States District Court for the Southern District of Alabama (Mobile Division), Case No.: 1:12-cv-00290-WS-N (Case Action Summary Sheet attached hereto) – matter dismissed August 30, 2013.

(9) *Shirley Fay Miller v. Hugh Hood, M.D., et al.,* filed in the United States District Court for the Middle District of Alabama (Montgomery Division), Case No.: 2:10-cv-00583-WHA-WC (Case Action Summary Sheet attached hereto) – matter dismissed with prejudice on October 13, 2010.

(10) *Thomas Wesley Smith v. Hugh Hood et al.,* filed in the United States District Court for the Northern District of Alabama (Middle Division), Case No.: 4:11-cv-00748-CLS-RRA (Case

{B2990855}

Action Summary Sheet attached hereto) – matter dismissed with prejudice on March 29, 2013.

(11) *Lela Mariama B. Tramel v. Hugh Hood, M.D., et al.,* filed in the United States District Court for the Middle District of Alabama (Montgomery Division), Case No.: 2:12-WKW-WC (Case Action Summary Sheet attached hereto) – matter dismissed with prejudice on March 26, 2015.

There is absolutely no basis in entering into evidence or questioning Hugh Hood, M.D. or Roy Roddam, M.D. with regard to frivolous inmate lawsuits all that have been dismissed with prejudice. There is not one single lawsuit that has been filed against either Roy Roddam, M.D. or Hugh Hood, M.D. during their employment in correctional medicine that has not been dismissed, Motion for Summary Judgment granted, or awarded a defendant verdict by either a court or a jury in the state of Alabama. To attempt to bring up the filing of lawsuits by Alabama state inmates does nothing but cause prejudice to the defendant physicians in this matter. The only sole possible explanation for attempting to offer into evidence previous matters filed against Dr. Hood and Dr. Roddam would be to suggest that they are often victims of lawsuits filed by Alabama state inmates. To offer evidence that Dr. Hood and Dr. Roddam have been defendants in previous

{B2990855}

matters filed by Alabama state inmates or on behalf of Alabama state inmates does absolutely nothing to move forward the claims of Mr. Barber in this matter.

5. Plaintiff's Exhibit p – Corizon's Response to Plaintiff's First Set of Interrogatories (Plaintiff's Trial Exhibit 16). Corizon, LLC is no longer a defendant to this matter. Defendant Corizon, LLC's Answers to Plaintiff's First Interrogatories are irrelevant and immaterial to the remaining claims in this matter. Any reference to Corizon's Responses to Plaintiff's First Interrogatories would be prejudicial to the remaining physician defendants, Hugh Hood, M.D. and Roy Roddam, M.D. Any responses from Corizon to plaintiff's discovery in this matter are irrelevant and immaterial to the remaining claims against the sole individual defendants.

6. Plaintiff's Exhibit q – Corizon's Response to Plaintiff's Second Set of Interrogatories (Plaintiff's Trial Exhibit 17). Corizon, LLC is no longer a defendant to this matter. Defendant Corizon, LLC's Answers to Plaintiff's Second Interrogatories are irrelevant and immaterial to the remaining claims in this matter. Any reference to Corizon's Responses to Plaintiff's Second Interrogatories would be prejudicial to the remaining physician defendants, Hugh Hood, M.D. and Roy Roddam, M.D. Any responses from Corizon to plaintiff's discovery in this matter are irrelevant and immaterial to the remaining claims against the sole individual defendants.

7. Plaintiff's Exhibit r – Corizon's Supplemental Response to Plaintiff's First Set of Interrogatories (Plaintiff's Trial Exhibit 18). Corizon, LLC is no longer a defendant to this matter. Corizon's Supplemental Response to Plaintiff's First Set of Interrogatories are irrelevant and immaterial to the remaining claims in this matter. Any reference to Corizon's Supplemental Response to Plaintiff's First Set of Interrogatories would be prejudicial to the remaining physician defendants, Hugh Hood, M.D. and Roy Roddam, M.D. Any responses from Corizon to plaintiff's discovery in this matter are irrelevant and immaterial to the remaining claims against the sole individual defendants.

8. Plaintiff's Exhibit s – Corizon's Supplemental Response to Plaintiff's Second Set of Interrogatories (Plaintiff's Trial Exhibit 19). Corizon, LLC is no longer a defendant to this matter. Corizon's Supplemental Response to Plaintiff's Second Set of Interrogatories are irrelevant and immaterial to the remaining claims in this matter. Any reference to Corizon's Supplemental Response to Plaintiff's Second Set of Interrogatories would be prejudicial to the remaining physician defendants, Hugh Hood, M.D. and Roy Roddam, M.D. Any responses from Corizon to plaintiff's discovery in this matter are irrelevant and immaterial to the remaining claims against the sole individual defendants.

9. Plaintiff's Exhibit t – Deposition transcript of Hugh Hood, M.D. (Plaintiff's Trial Exhibit 20). The deposition transcript of Hugh Hood, M.D. is

inadmissible and is not proper evidence that can be submitted to the jury in this matter. Hugh Hood, M.D. is an individual defendant in this matter and will give live testimony in this matter. Dr. Hood could possibly be impeached through previous deposition testimony. However, his deposition transcript is not a proper evidentiary exhibit and should be precluded from introduction in the trial of this matter.

10. Plaintiff's Exhibit u – Deposition transcript of Thomas Powell, M.D. – (Plaintiff's Trial Exhibit 21). The deposition transcript of Thomas Powell, M.D. is inadmissible and is not proper evidence that can be submitted to the jury in this matter. Thomas Powell, M.D. will give live testimony in this matter. Dr. Thomas could possibly be impeached through previous deposition testimony. However, his deposition transcript is not a proper evidentiary exhibit and should be precluded from introduction in the trial of this matter.

11. Plaintiff's Exhibit w – Deposition transcript of Roy Roddam, M.D. (Plaintiff's Trial Exhibit 23). The deposition transcript of Roy Roddam, M.D. is inadmissible and is not proper evidence that can be submitted to the jury in this matter. Roy Roddam, M.D. is an individual defendant in this matter and will give live testimony in this matter. Dr. Roddam could possibly be impeached through previous deposition testimony. However, his deposition transcript is not a proper evidentiary exhibit and should be precluded from introduction in the trial of this matter.

12. Plaintiff's Exhibit x – Deposition transcript of James Butler (Plaintiff's Trial Exhibit 24). The deposition transcript of James Butler is inadmissible and is not proper evidence that can be submitted to the jury in this matter. James Butler will give live testimony in this matter. Mr. Butler could possibly be impeached through previous deposition testimony. However, his deposition transcript is not a proper evidentiary exhibit and should be precluded from introduction in the trial of this matter.

13. Plaintiff's Exhibit y – Deposition transcript of James Barber (Plaintiff's Trial Exhibit 25). The deposition transcript of James Barber is inadmissible and is not proper evidence that can be submitted to the jury in this matter. James Barber is the plaintiff in this matter and will give live testimony in this matter. James Barber could possibly be impeached through previous deposition testimony. However, his deposition transcript is not a proper evidentiary exhibit and should be precluded from introduction in the trial of this matter.

14. Plaintiff's Exhibit z – Alabama DOC Inmate Admission Handbook (Plaintiff's Trial Exhibit 26). The Alabama Department of Corrections is not a defendant to this matter. There are no remaining claims with regard to the Alabama Department of Corrections. The sole defendants to this matter are Hugh Hood, M.D. and Roy Roddam, M.D. (and Commissioner Dunn for equitable relief only). Any inmate admission and orientation issues pertaining to the Alabama Department of

{B2990855}

Corrections are irrelevant and immaterial to the remaining claims against Dr. Hood and Dr. Roddam. Therefore, any irrelevant and immaterial information pertaining to the Alabama Department of Corrections should be precluded.

15. Plaintiff's Exhibit aa – Alabama DOC Transportation of Inmates SOP (Plaintiff's Trial Exhibit 27). The Alabama Department of Corrections is not a defendant to this matter. There are no remaining claims with regard to the Alabama Department of Corrections. The sole defendants to this matter are Hugh Hood, M.D. and Roy Roddam, M.D. Any material and/or documentation pertaining to the Alabama Department of Corrections are irrelevant and immaterial to the remaining claims against Dr. Hood and Dr. Roddam. Therefore, any irrelevant and immaterial information pertaining to the Alabama Department of Corrections should be precluded.

16. Plaintiff's Exhibit bb – William E. Donaldson Correctional Facility Inmate Handbook (Plaintiff's Trial Exhibit 28). The Alabama Department of Corrections is not a defendant to this matter. There are no remaining claims with regard to the Alabama Department of Corrections. The sole defendants to this matter are Hugh Hood, M.D. and Roy Roddam, M.D. Any material and/or documentation pertaining to the Alabama Department of Corrections are irrelevant and immaterial to the remaining claims against Dr. Hood and Dr. Roddam. Therefore, any irrelevant

and immaterial information pertaining to the Alabama Department of Corrections should be precluded.

17. Plaintiff's Exhibit cc – Emergency Medical Transfers SOP (Plaintiff's Trial Exhibit 29). The Alabama Department of Corrections is not a defendant to this matter. There are no remaining claims with regard to the Alabama Department of Corrections. The sole defendants to this matter are Hugh Hood, M.D. and Roy Roddam, M.D. Any material and/or documentation pertaining to the Alabama Department of Corrections are irrelevant and immaterial to the remaining claims against Dr. Hood and Dr. Roddam. Therefore, any irrelevant and immaterial information pertaining to the Alabama Department of Corrections should be precluded.

18. Plaintiff's Exhibit gg – spreadsheet of other ADOC prisoners with hip replacements (1371-1373). In plaintiff's pretrial disclosures [Doc. #105] only the spreadsheet of other ADOC prisoners with hip replacements was listed as an exhibit. The medical charts of the respective Alabama inmates were at no times identified as exhibits in the plaintiff's pretrial disclosures [Doc.#105]. However, on October 24, 2018, the plaintiff produced documents 33-1 through 33-29 that purport to be the medical charts of inmates that had previously received hip replacement surgeries while incarcerated with the Alabama Department of Corrections. However, these documents were at no time disclosed as evidence/documents in the plaintiff's pretrial

{B2990855}

disclosures [Doc. #105] in accordance with this Court's previous Orders these medical charts of these various Alabama inmates should be precluded due to the fact that they were not disclosed as potential evidence in the plaintiff's pretrial disclosures. Therefore, in accordance with the Court's previous Orders, these documents, not previously disclosed or listed as potential evidence and/or documents to be used should be stricken and precluded from utilization at the trial of this matter. Furthermore, any disclosure of these inmates' files would be in violation of HIPAA without the authorization of the various inmates. Regardless, the non-disclosure of these documents in the plaintiff's pretrial disclosures preclude the utilization of these documents at this trial.

19. Plaintiff's Exhibit mm – Insurance Documents 1321 (Plaintiff's Trial Exhibit 39). In the Joint Motions in Limine, the parties agreed not to interject insurance or any information pertaining to insurance or issues related thereto. Therefore, Plaintiff's Trial Exhibit 39 would violate the parties' jointly agreed Motions in Limine and should be precluded from being utilized during the trial of this matter.

20. Plaintiff's Exhibit oo – Roddam personnel file (1419-1592) (Plaintiff's Trial Exhibit 41). The personnel file of Dr. Roddam contains much irrelevant and immaterial information. It also contains personal and confidential information. For example, the document Bates stamped Corizon (Confidential) 01419 pertains to

direct deposit information for Dr. Roddam's payment for medical services from his employer. The vast majority of the information contained in Dr. Roddam's personnel file is irrelevant and completely and totally immaterial to any of the claims of Mr. Barber in this matter. The production of Dr. Roddam's personnel file would only serve to unnecessarily harass Dr. Roddam. The defendants respectfully request that the Court receive notice of the particular documents from Dr. Roddam's personnel file before they are produced to the jury. All irrelevant and immaterial information contained in Dr. Roddam's personnel file should be precluded from production and entered as evidence in this matter.

21. Plaintiff's Exhibit pp – Hood personnel file (1593-1856) - Plaintiff's Trial Exhibit 42. The personnel file of Dr. Hood contains much irrelevant and immaterial information. It also contains personal and confidential information. The vast majority of the information contained in Dr. Hood's personnel file is irrelevant and completely and totally immaterial to any of the claims of Mr. Barber in this matter. The production of Dr. Hood's personnel file would only serve to unnecessarily harass Dr. Hood. The defendants respectfully request that the Court receive notice of the particular documents from Dr. Hood's personnel file before they are produced to the jury. All irrelevant and immaterial information contained in Dr. Hood's personnel file should be precluded from production and entered as evidence in this matter.

{B2990855}

WHEREFORE, the defendants, Hugh Hood, M.D., Roy Roddam, M.D., and Commissioner Jefferson Dunn, move this Court for an Order precluding certain exhibits received from James Barber on October 24, 2018, and for an Order that said documents cannot be utilized as evidence in the trial of this matter.

Respectfully submitted,

/s/ Philip G. Piggott
Philip G. Piggott (ASB-4379-P67P)
E-mail: pgp@starneslaw.com
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL   35209
Telephone: 205-868-6000
*Attorney for Defendants,*
*Hugh Hood, M.D. and Roy Roddam, M.D.*

/s/Gary L. Willford, Jr.
Gary L. Willford, Jr. (WIL198)
Assistant Attorney General
State of Alabama Department of Corrections
P. O. Box 301501
Montgomery, AL 36130-1501
*Attorney for Defendant, Jefferson S. Dunn*

{B2990855}

## CERTIFICATE OF SERVICE

I hereby certify that on **October 26, 2018,** filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

| | |
|---|---|
| Henry F. Sherrod, III, Esq.<br>HENRY F. SHERROD III, P.C.<br>119 South Court St., Suite 200<br>Florence, AL 35631-0606 | Sarah Grady, Esq.<br>Arthur Loevy<br>Jon Loevy<br>Michael Kanovitz<br>LOEVY & LOEVY<br>312 North May Street, Suite 100<br>Chicago, IL 60607 |
| Bethany Rupert, Esq.<br>KING & SPALDING<br>2484 Brookdale Dr NE<br>Atlanta, GA 30345 | Barry Goheen, Esq.<br>Coleen Schoch, Esq.<br>Bethany Rupert, Esq.<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, GA 30309 |

                                              s/ *Philip G. Piggott*
                                              OF COUNSEL

{B2990855}