# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA, BIRMINGHAM DIVISION

| | |
|---|---|
| JAMES BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-00997-JHE |
| ) | |
| HUGH HOOD, et al., ) | Hon. John H. England, III |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO EXCLUDE PROPOSED EXHIBITS OF CURRICULUM VITAE OF DEFENDANTS RODDAM AND HOOD

The Court should exclude Defendants' Proposed Exhibit 8, Curriculum Vitae of Hugh M. Hood, D.D.S., M.D., F.A.C.P., and Defendants' Proposed Exhibit 9, Curriculum Vitae of Roy F. Roddam, M.D., as both documents are inadmissible hearsay (attached hereto as Exhibits A and B). Defendant Roddam and Defendant Hood can of course testify to the relevant experiences and qualifications listed on their resumes from personal knowledge. To the extent that Defendants cannot recall any items listed on their resume that are relevant to the instant action, they may of course use their resumes to refresh their recollections, as permitted by Rule 612 of the Federal Rules of Evidence. *See* Fed. R. Evid. 612; *Rush v. Illinois Cent. R. Co.*, 399 F.3d 705, 716 (6th Cir. 2005) ("Rule 612 of the Federal Rules of Evidence authorizes a party to refresh a witness's memory with a writing so long as the 'adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions

which relate to the testimony of the witness.'" (quoting Fed. R. Evid. 612)).  But the documents themselves are hearsay and should not be admitted.

## ANALYSIS

Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).  Hearsay is inadmissible unless an enumerated exception to the rule applies.  Numerous courts have recognized the obvious fact that curricula vitae are hearsay.  For example, in *Hosse v. Sumner County Bd. of Educ.*, 2018 WL 1382539, *3 (M.D. Tenn. Mar. 19, 2018), the court sustained a pretrial objection to the admission of plaintiff's resume, observing that "courts have regularly excluded resumes or curriculum vitae as inadmissible hearsay" (citing *Sheffield v. State Farm Fire & Cas. Co.*, No. 5:14 C 38, 2016 WL 3548550, at *8 (S.D. Ga. June 23, 2016); *Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011); *Sutfin v. City of Bono, Ark.*, No. 3:07 C 124, 2009 WL 1955438, at *1 (E.D. Ark. July 6, 2009); *Alexie v. United States*, No. 3:05 C 2997, 2009 WL 160354, at *1 (D. Alaska Jan. 21, 2009); *c.f. McBride v. Kmart Corp.*, No. 14 C 41, 2015 WL 13545913, at *3 (D. Wyo. Jan. 14, 2015).

To the extent that Defendants would attempt to justify the admission of their resumes using the recorded recollection exception, *see* Fed. R. Evid. 803(5), such an effort would fail. Rule 803(5) provides an exception to the rule against hearsay for a record that "(A) is on a matter the witness once knew about but cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when

the matter was fresh in the witness's memory, and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(5).  In this case, both Defendants resumes span decades, and therefore, on its face, this exception would not apply, as Defendants could not show that the entire document was created when the matters captured were fresh in their memories.  Even if admitted under Rule 803(5), the record may only be read into evidence and not received into evidence unless offered by an adverse party.  *Id.*

Moreover, Plaintiff notes that Defendants have moved to exclude the curriculum vitae of Plaintiff's expert, Robert Cusick.  And to the extent that Cusick's curriculum vitae is excluded, the curricula vitae of Defendants Hood and Roddam also ought to be excluded.

## CONCLUSION

For the foregoing reasons, the curricula vitae of Defendants should be excluded from evidence as inadmissible hearsay.

/s/ Bethany Rupert
Bethany Rupert
Attorney for Plaintiff

Jon Loevy
Sarah Grady
Theresa Kleinhaus
Adair R. Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900


Barry Goheen
Bethany Rupert
KING & SPAULDING LLP
1180 Peachtree St., NE
Atlanta, GA 30309
(404) 572-3525

**CERTIFICATE OF SERVICE**

    I, Bethany Rupert, an attorney, certify that on October 28, 2018, I caused the foregoing Plaintiff's Motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Bethany Rupert
Bethany Rupert
Attorney for Plaintiff
