FILED

2018 Nov-02  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

FILED

NOV 02 2018

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JAMES BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-0997-JHE |
| | ) | |
| HUGH HOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

A jury trial has, in effect, two judges. I am one of the judges; the other judge is the jury. My duty is to preside over the trial and to decide what evidence proper for your consideration. My duty at the end of the trial is to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give some general instructions that apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## THE DUTY TO FOLLOW INSTRUCTIONS

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

## ALL PARTIES EQUAL BEFORE THE LAW

In this case, a prisoner and two physicians are involved as parties. A party's status must not affect your decision in any way. Prisoners, physicians, and all persons stand equal before the law and must be dealt with as equals in a court of justice. The jury is instructed that they are not to draw any negative inferences from the plaintiff's status as a prisoner.

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in this case.

## WHAT IS NOT EVIDENCE

Again, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggested that it is. A question is not evidence unless the witness agreed with it.

2

Similarly, during the trial, I ruled on objections by the lawyers about whether certain evidence could be presented. It is a lawyer's job to make objections if the lawyer believes an objection is proper. Do not concern yourself with why I ruled as I did, because my rulings are based on rules of law. If I sustained an objection, you must not guess about what the possible testimony or exhibits may have been. And if I overruled an objection and allowed the evidence, my ruling does not indicate whether you should believe that evidence. You should consider that evidence along with all of the other evidence in the case and must not consider any evidence that I excluded.

You should not consider any rulings I made or anything that I have said or done as an indication from me about how you should decide the case. Under our system, I am the judge of the law. You are the only judges of the facts. I cannot give you my opinion of the case or comment on the evidence.

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.  Did the witness impress you as one who was telling the truth?

2.  Did the witness have any particular reason not to tell the truth?

3.  Did the witness have a personal interest in the outcome of the case?

4.  Did the witness seem to have a good memory?

5.  Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.  Did the witness appear to understand the questions clearly and answer them directly?

7.  Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

3

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony. You may not consider this evidence for any other purpose.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### LAWYER INTERVIEWING WITNESSES

It is proper for a lawyer to meet with any witness in preparation for trial.

### ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during the trial.

### EXPERT WITNESS

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### STIPULATIONS

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

### RESPONSIBILITY FOR PROOF – PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of Mr. Barber to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Barber's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Barber.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish the essential part of Mr. Barber's claim by a preponderance of the evidence, you should find for Dr. Hood and Dr. Roddam as to that claim.

## DENIAL OF NECESSARY MEDICAL CARE

First, Mr. Barber claims that Drs. Hood and Roddam, while acting under color of law, were deliberately indifferent to his serious medical need and caused injury to him in violation of his Eighth Amendment rights.

The United States Constitution provides that anyone who is imprisoned is entitled to necessary medical care, and a doctor violates that right by being deliberately indifferent to a prisoner's known serious medical need.

To succeed on this claim as to the particular Defendant you are considering, Mr. Barber must prove each of the following facts by a preponderance of the evidence:

1.   That Mr. Barber had a serious medical need;

2.   That the Defendant knew that Mr. Barber had a serious medical need that posed a risk of serious harm;

3.   That the Defendant failed to provide necessary medical care for Mr. Barber's serious medical need in deliberate indifference to the risk of serious harm;

4.   That the Defendant's conduct caused Mr. Barber's injuries; and

5.   That the Defendant acted under color of law. The parties have agreed that the Defendants acted under color of law, so you should accept that as a proven fact.

For the first element, Mr. Barber must prove a serious medical need. A "serious medical need" is a medical condition that a physician has diagnosed as requiring treatment or a medical condition that is so obvious that even a lay person would easily recognize the need for medical care. In either case, the medical condition must have posed a substantial risk of serious harm to Mr. Barber if left unattended. Serious harm includes unnecessary pain or suffering. A medical need may be considered serious if a delay in treating it makes it worse.

For the second element, you must determine whether the Defendant actually knew Mr. Barber had a serious medical need. Put another way, it is not enough to show that the Defendant was careless or neglected his job duties and should have known about Mr. Barber's need. And it is not enough to show that a reasonable person would have known of the serious medical need. However, Mr. Barber does not need to prove that the Defendant intended the harm or failed to

5

act believing that harm would actually occur. You may find from circumstantial evidence that the Defendant knew about the risk of serious harm. Further, if the risk of serious harm was obvious, you may, based on that, find that the Defendant knew about that risk.

For the third element, to decide whether the Defendant was deliberately indifferent to Mr. Barber's serious medical need, you may consider all the relevant circumstances including the seriousness of Mr. Barber's injury, the length of any delay in providing Mr. Barber's necessary medical care, and the reasons for any delay. You may find that the Defendant was deliberately indifferent if you find that he: (a) provided grossly inadequate care, (b) made a decision to take an easier but less efficacious course of treatment, or (c) provided medical care that is so cursory as to amount to no treatment at all. But the law does not require that Mr. Barber receive the most advanced medical response to his serious medical need.

For the fourth element, you must determine whether the Defendant's conduct caused Mr. Barber's injuries. The Defendant's conduct caused Mr. Barber's injuries if Mr. Barber would not have been injured without the Defendant's conduct or if Mr. Barber's injuries were worsened by the Defendant's conduct, and the injuries were a reasonably foreseeable consequence of the Defendant's conduct.

Section 1983 will not support a claim based on a respondeat superior theory of liability. In other words, you cannot hold Dr. Hugh Hood and Dr. Roy Roddam liable for the actions of others. They can be held liable only for their own actions.

A difference of opinion between two or more medical doctors as to the appropriate course of treatment of a patient does not amount to deliberate indifference. Neither does a difference of opinion between Barber and his medical providers, Dr. Hood and Dr. Roddam, as to the appropriate course of treatment amount to deliberate indifference.

## FAILURE TO INTERVENE AS TO NECESSARY MEDICAL CARE

Second, Mr. Barber claims that Drs. Hood and Roddam, while acting under color of law, unlawfully failed to intervene to protect him from harm in violation of the United States Constitution.

To succeed on this claim as to the particular Defendant you are considering, Mr. Barber must prove each of the following by a preponderance of the evidence:

1.   Mr. Barber was denied adequate medical care in violation of his Eighth Amendment rights.

2.   The Defendant actually knew that Mr. Barber was being or was about to be denied his constitutional right to medical care.

3.   The Defendant had a realistic opportunity to do something to prevent harm from occurring.

6

4.    The Defendant failed to take reasonable steps to prevent harm from occurring.

5.    The Defendant's failure to act caused Mr. Barber to suffer harm.

## COMPENSATORY DAMAGES

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Barber's damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize the Defendants. And you must not base these compensatory damages on speculation or guesswork.

But compensatory damages are not restricted to actual loss of money – they also cover the physical aspects of the injury. Mr. Barber does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent that you find that Mr. Barber has proved them by a preponderance of the evidence, and no others:

a.    Mr. Barber's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that Mr. Barber is reasonably certain to experience in the future; and

b.    Mr. Barber's mental and emotional distress and personal humiliation, including mental and emotional harm that Mr. Barber is reasonably certain to experience in the future.

## PUNITIVE DAMAGES

If you find for Mr. Barber and find that either of the Defendants acted with malice or reckless indifference to Mr. Barber's federally protected rights, the law allows you, in your discretion, to award Mr. Barber punitive damages as a punishment for the Defendant(s), and as a deterrent to others.

Mr. Barber must prove by a preponderance of the evidence that he is entitled to punitive damages.

A defendant acts with malice if his conduct is motivated by evil intent or motive. A defendant acts with reckless indifference to the protected federal rights of Mr. Barber when the defendant engages in conduct with a callous disregard for whether the conduct violates Mr. Barber's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding the defendant's financial resources in fixing the amount of punitive damages to be

awarded. You may also assess punitive damages against one or both of the Defendants, or against one or both of the Defendants in different amounts.

## DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## FINAL INSTRUCTIONS

Ladies and Gentlemen of the Jury, I remind you once again that the arguments of counsel are not evidence in this case. The court allows counsel to make closing arguments or summations to help you recall the evidence and to help you tie the evidence together. You should not substitute what the lawyers say about the evidence for your own recollection. You must decide the case based solely on your view of the facts as you find them to be from the evidence and applying the law to those facts as I have instructed you.

In this case you have been permitted to take notes during the course of the trial, and most of you – if not all of you – have taken advantage of that opportunity and have made notes from time to time. You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

## ELECTION OF FOREPERSON & EXPLANATION OF VERDICT FORM

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. I will now explain it to you.

8

[Explain the verdict form.]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to a court staff member. He/she will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and should not be shared with anyone, including me, in your note or question.

## CONCLUSION

When you have reached your decision, knock on the jury room door and tell a member of the court's staff that you have a verdict.

From this point, you will decide when you want to take your breaks and when you want to stop for the day. Just let a member of the court's staff know. But you can only discuss the case when all of you are together in the jury room.

I remind you again: do not discuss this case, or anything about it, with anyone outside the jury room. Do not post anything about this case or your jury service on any blog or social networking page. Do not send email messages about the case to anyone. Do not call, text, or email each other. Do not conduct any research about any aspect of this case – that means do not consult a dictionary; do not use Google or Wikipedia; do not ask questions of anyone other than each other or me. Remember, as I told you earlier, the only information you should use to decide this case is the evidence presented and the law explained in this courtroom.

At this time, please return to the jury room. You may select your foreperson but do not begin your deliberations until you have the exhibits and verdict form.