IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. BARBER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-0997-JHE |
| ) | |
| CORIZON HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

### OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE BILL OF COSTS

**COME NOW** the Defendants Hugh Hood, M.D. and Roy Roddam, M.D., and submit this opposition to Plaintiff's Motion to Strike Bill of Costs, and further state as follows:

**A. Defendants' Bill of Costs was timely filed**.

Defendants' Bill of Costs was timely filed because plaintiff's Rule 59 motion suspended the judgment's finality and tolled the time for filing a Bill of Costs until the Court rules on the post-trial motion.  As stated by the Seventh Circuit Court of Appeals, "[a] timely filed motion under Rule 59 suspends the judgment's finality . . . which means that the time to file the bill of costs [does] not begin to run until the district judge resolve[s] the Rule 59 motion." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 689 (7th Cir. 2014). District courts within the Eleventh Circuit have agreed. *See Snow v. Boston Mutual Life Ins. Co.*, 2014 WL 641879, at

{B3061924}

*3 (M.D. Ala. Feb. 19, 2014) (holding that "the judgment only became 'final' for the purposes of Local Rule 54.1(a) when the Court denied Snow's Rule 59 motion" and deeming timely filed a Bill of Costs filed 35[1] days after the district court's denial of the Rule 59 motion); *see also Jones v. Community Newspapers, Inc.*. 2006 WL 3734304, at *2 (M.D. Fla. Dec. 15, 2006) (holding that the "clock" for filing an attorney fee motion "began ticking only after the Court denied the Motion for Reconsideration").

The United States District Court for the Middle District of Alabama explained the effect of a Rule 59 motion on the deadline to timely file a Bill of Costs under Local Rule 54.1 as follows:

> Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d), however, does not impose a specific deadline on the prevailing party by which to file a motion for costs; instead, the rule leaves it up to district courts' local rules to fill in the gap. The relevant local rule in the Middle District of Alabama states, "[r]equests for taxation of costs (other than attorneys' fees) under Fed. R. Civ. P. 54(d) shall be filed with the Clerk within 35 days after entry of final judgment from which an appeal may be taken. Failure to file within this time period will be deemed a waiver." M.D. Ala. LR 54.1(a). Local Rule 54.1(a) is silent as to what qualifies as a final judgment for purposes of triggering the 35-day deadline when a Rule 59 motion is filed. The Eleventh Circuit, however, has made

---

[1] Local Rule 54.1(a) for the Middle District of Alabama required that requests for taxation of costs be filed within 35 days after entry of final judgment. *Snow*, 2014 WL 641879, at *2.

> clear that a judgment does not qualify as a final judgment for purposes of calculating a deadline to file a request for costs until after a post-trial motion, such as a motion under Rule 59, is decided by a district court. *See, e.g., Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2011); *Gladames v. N&D Inv. Corp.*, 432 Fed. App'x 801 (11th Cir. 2011); *Jones v. Comm. Newspaper, Inc.*, 2006 WL 3734304, at *2 (M.D. Fla. Dec. 15, 2006).

*Snow*, 2014 WL 641879, at *2. This Court has not yet ruled on Plaintiff's Rule 59 motion; therefore, the deadline for Defendants' to file their bill of costs has not yet passed and Plaintiff's motion to strike Defendants' Bill of Costs on timeliness grounds should be denied.

### B. The costs sought by Defendants are proper.

In the Eleventh Circuit, "deposition transcripts are generally taxable as long as they were 'necessarily obtained for use in the case.'" *Sutton v. Royal Carribbean Cruise Line*, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (quoting EEOC v. W&O, Inc., 214 F.3d 600, 620-21 (11th Cir. 2000)). The court reporter attendance fees included in Defendants' Bill of Costs should be allowed because "it is necessary for the court reporter to appear, record the testimony and then prepare the deposition transcript in order for the deposition to occur." *Id.* at *4 (holding that court reporter fees were recoverable as costs). Although there is a split of authority in the Eleventh Circuit regarding taxability of court report attendance fees, Defendants submit that the better reasoned approach is to allow these fees as necessary costs of depositions.

3

{B3061924}

*See Sutton*, 2018 WL 4282843, at *4; *Feise v. N. Broward Hosp. Dist.,* 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017) (stating, "This Court finds that appearance fees are recoverable.  The current version of § 1920(2) allows the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . The word 'fees' includes all costs associated with preparing the transcript, which would necessarily include the court reporter's appearance fee."); *Nelson v. N. Borward Med. Ctr.*, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) (stating "this Court is not convinced that Congress intended the 2008 amendment to Section 1920(2) to restrict recovery of court-reporter appearance fees").

With regard to the other "fees" to which Plaintiff objects, Plaintiff has failed to meet his burden to establish that these fees are improper.  *See Krug v. Celebrity Cruises, Inc.*, 2018 WL 3697495, at *1 (S.D. Fla. April 26, 2018) (holding that "[w]hen challenging whether costs are taxable, the non-prevailing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party"). Specifically, with regard to scanning of exhibits, such costs are reimbursable under Section 1920(4)  as "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).   Obtaining a copy of each of the deposition exhibits is necessary for counsel to have full use of the deposition transcript in this case.  The scanning and

4

{B3061924}

provision of electronic copies of the deposition exhibits in lieu of providing paper copies of exhibits, is a necessary cost of making copies of materials necessarily obtained for use in the case under Section

WHEREFORE, PREMISES CONSIDERED, Defendants Hugh Hood, M.D. and Roy Roddam, M.D., respectfully request this Honorable to enter an Order denying Plaintiff's Motion to Strike Bill of Costs.

>	Respectfully submitted,
>
>	/*s/ Philip G. Piggott*
>	Philip G. Piggott (ASB-4379-P67P)
>	E-mail: pgp@starneslaw.com
>	STARNES DAVIS FLORIE LLP
>	100 Brookwood Place, 7th Floor
>	Birmingham, AL   35209
>	Telephone: 205-868-6000
>	*Attorney for Defendants,*
>	*Hugh Hood, M.D. and Roy Roddam, M.D.*

{B3061924}

## CERTIFICATE OF SERVICE

      I hereby certify that on **January 30, 2019,** filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

| | |
|---|---|
| Henry F. Sherrod, III, Esq.<br>HENRY F. SHERROD III, P.C.<br>119 South Court St., Suite 200<br>Florence, AL  35631-0606 | Sarah Grady, Esq.<br>Arthur Loevy<br>Jon Loevy<br>Michael Kanovitz<br>LOEVY & LOEVY<br>312 North May Street, Suite 100<br>Chicago, IL 60607 |
| Bethany Rupert, Esq.<br>KING & SPALDING<br>2484 Brookdale Dr NE<br>Atlanta, GA 30345 | Barry Goheen, Esq.<br>Coleen Schoch, Esq.<br>Bethany Rupert, Esq.<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, GA 30309 |

                                                s/*Philip G. Piggott*
                                                OF COUNSEL

{B3061924}